UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBERT BURTON,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>    Defendant. | Case No. CV 11-1776-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

On March 4, 2011, plaintiff Michael Robert Burton filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

A single disputed issue is presented for decision here: whether the determination by the Administrative Law Judge ("ALJ") at step four is supported by

substantial evidence. Pl.'s Mot. at 4-10; Def.'s Mot. at 2-7.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, the ALJ erred in characterizing plaintiff's prior occupation as inventory audit clerk as past relevant work. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-six years old on the date of his March 1, 2010 administrative hearing, has two years of college education. *See* AR at 26, 128. His past work includes employment as a bouncer, a delivery assistant manager, and an inventory audit clerk. *Id.* at 54, 55, 124, 167.

On August 18, 2008, plaintiff filed applications for DIB and SSI, alleging that he has been disabled since September 13, 2008 due to bipolar disorder, hiatal hernia, and Quincke's disease. *See* AR at 57, 58, 123. Plaintiff's applications were denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 57, 58, 59, 60, 61-65, 66, 67-72, 73.

On March 1, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 26-44. The ALJ also heard testimony from David A. Rinehart, a vocational expert ("VE"). *Id.* at 53-56. On April 16, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 9-16.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity since his alleged onset date of disability. AR at 12.

At step two, the ALJ found that plaintiff suffers from severe impairments consisting of "mood disorder, not otherwise specified; gastrointestinal disorder; and substance dependence disorder." AR at 12 (emphasis omitted).

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR at 13.

The ALJ then assessed plaintiff's residual functional capacity[1] ("RFC") and determined that he can perform a full range of work at all exertional levels but with the following nonexertional limitations: "no safety operations"; "no responsibility for the safety of others"; and "no direct exposure in the workplace to illegal drugs." AR at 13 (emphasis omitted).

The ALJ found, at step four, that plaintiff is capable of performing past relevant work as an inventory audit clerk (Dictionary of Occupational Titles ("DOT") No. 210.382-010).  AR at 16.  Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act.  *Id.* at 9, 16.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council.  AR at 1-3, 22.  The ALJ's decision stands as the final decision of the Commissioner.

### III.
### STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1 But if the court determines that the ALJ's findings are based on legal error or are
2 not supported by substantial evidence in the record, the court may reject the findings
3 and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033,
4 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.
## DISCUSSION

Plaintiff argues that the ALJ's determination at step four is not supported by substantial evidence. Pl.'s Mot. at 4. Specifically, plaintiff asserts the one prior job that the VE testified plaintiff could perform – inventory audit clerk (*see* AR at 55) – does not constitute past relevant work because it "was not performed at the substantial gainful activity level," "nor was it performed long enough." Pl.'s Mot. at 4. This court agrees that the record does not reflect that plaintiff performed work as an inventory audit clerk long enough for it to constitute past relevant work.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as

generally performed in the national economy.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted). A claimant's former occupation qualifies as past relevant work if it was performed within the last fifteen years, lasted long enough for him or her to learn to do it, and produced enough income to qualify as substantial gainful activity. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

"Substantial work activity is work activity that involves doing significant physical or mental activities. . . . [W]ork may be substantial even if it is done on a part-time basis or if [the claimant] do[es] less, get[s] paid less, or ha[s] less responsibility than when [he or she] worked before." 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a) (same). "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b); 20 C.F.R. § 416.972(b) (same). If the claimant has earned less than a certain minimum amount, then the ALJ will generally conclude that the activity was not substantial gainful activity.[2] *See* 20 C.F.R. §§ 404.1574(b), 416.974(b).

Here, there is no doubt that plaintiff performed the inventory audit clerk job within the last fifteen years. *See* AR at 124 (plaintiff worked as an auditor from September 2007 to December 2007). Defendant argues, and the court agrees, that plaintiff's monthly earning at this position exceeded the threshold $900 monthly amount to qualify as substantial gainful activity. Def.'s Mot. at 4-5. Indeed, contrary to plaintiff's contention, he earned $1,152.00 per month at this job. *See* AR at 124 (according to the information plaintiff provided in his Disability Report, plaintiff worked eight hours per day, four days per week, at a rate of nine dollars per

---

[2]  The relevant threshold amount in this case, for the year 2007, is $900 per month. *See* www.ssa.gov/OACT/COLA/sga.html.

5

hour). Plaintiff's miscalculation appears to lie in the fact that plaintiff mistakenly applied the information for his work as Guest Services instead of Auditor. *Compare* Pl.'s Mot. at 6 *with* AR at 124. Based on these facts, plaintiff's job as inventory audit clerk qualifies as substantial gainful activity. *See* 20 C.F.R. §§ 404.1572(b), 416.972(b).

But the court finds, as plaintiff asserts (*see* Pl.'s Mot. at 7), that this job as inventory audit clerk did not last long enough for plaintiff to learn to do it according to the DOT. *See* 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). The DOT lists Specific Vocational Preparation ("SVP") ratings for each described occupation. *See, e.g.*, DOT No. 210.382-010, 1991 WL 671820. SVP is defined "as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, app. C, 1991 WL 688702. According to the DOT, the inventory audit clerk job's SVP rating is seven. *See* DOT No. 210.382-010, 1991 WL 671820. A job with a seven SVP rating means that a typical worker will require "[o]ver 2 years up to and including 4 years" to learn the skills necessary to perform the job. DOT, app. C, 1991 WL 688702. Plaintiff performed this job for only approximately three months. *See* AR at 124. Thus, on its face, the DOT's SVP rating for inventory audit clerk is inconsistent with the length of time plaintiff spent at the job.

The VE did not explain or justify this discrepancy between his testimony and the DOT, and the ALJ failed to inquire about this discrepancy. This was error. *See Massachi*, 486 F.3d at 1153-54 (only after determining whether the VE has deviated from the DOT and whether any deviation is reasonable may an ALJ properly rely on the VE's testimony as substantial evidence to support a disability determination). Accordingly, the ALJ's conclusion that plaintiff's inventory audit clerk job was past relevant work is not supported by substantial evidence, and therefore the ALJ erred in finding that this work qualified as past relevant work.

Defendant argues that any error committed at step four was harmless because "the fact remains that Plaintiff could perform the job of inventory audit clerk at Step 5 of the sequential evaluation." Def.'s Mot. at 6.  The court disagrees.  The ALJ stopped the sequential analysis at step four, and the court can not speculate as to what alternative findings the ALJ would make at step five.  Because the ALJ made no alternative step five findings, the ALJ's step four error cannot be harmless.  *Cf. Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five.").  Accordingly, reversal and remand for further administrative proceedings is appropriate.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility).  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is appropriate because the ALJ erred at step four in characterizing plaintiff's prior occupation as an inventory audit clerk as past relevant work.  On remand, the ALJ shall reevaluate the past relevant work determination and make appropriate findings supported by the record.  If the ALJ

determines that plaintiff's past work as inventory audit clerk constitutes past relevant work – i.e., lasted long enough for plaintiff to learn to do it despite the DOT's SVP rating for this position – then the ALJ shall provide an explanation for this finding supported by substantial evidence.  Additionally, if necessary, the ALJ shall proceed to step five to determine if plaintiff can perform other work existing in significant numbers in the national economy.

## VI.
## **CONCLUSION**

IT IS THEREFORE ORDERED THAT Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: January 3, 2012

_____
HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE